UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA           :
                                                             :   07 Cr. 776 (RJH)

           v.                         :

JOSE TERRAZAS,                     :

                  Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Table of Contents

Page

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .....................................................................................................................4

    The Indictment Must Be Dismissed Because the Government Cannot
    As a Matter of Law Establish an Essential Element of the Offense
    Charged ..............................................................................................................4

CONCLUSION .................................................................................................................10

NY12533:222489.5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA     :
                             :     07 Cr. 776 (RJH)
           v.                :
                             :
JOSE TERRAZAS,               :
                             :
                Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Jose Terrazas respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Indictment, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure.

The Indictment charges that Terrazas made false statements regarding his criminal history in connection with a naturalization application, in violation of 18 U.S.C. § 1015(a). Even accepting the truth of all of the allegations against Terrazas, the Indictment still fails to charge a cognizable violation of Section 1015(a). Materiality is an element of Section 1015(a), and the false statements alleged to have been made by Terrazas regarding his criminal history were immaterial as a matter of law. Such alleged misstatements could be legally material only if they would have had a natural tendency of influencing the decision of the immigration official reviewing Terrazas' naturalization application. But Terrazas' alleged past crimes, even if disclosed, could not have influenced the outcome of his naturalization application because those alleged crimes all occurred more than five years prior to the filing of his naturalization application.

NY12533:222489.5

According to applicable statutes and regulations, immigration officials may not consider events that occurred more than five years prior to the filing of a naturalization application. There are limited exceptions to this rule that do not apply here. Therefore, as a matter of law, the government cannot establish an essential element of Section 1015(a), and the Indictment should be dismissed with prejudice.

## STATEMENT OF FACTS

The Indictment charges Terrazas with two counts of violating Section 1015(a). Count One charges that Terrazas "unlawfully, willfully, and knowingly did make false statements under oath" in his application for naturalization. Terrazas is alleged to have made false statements by denying having ever (1) used other names; (2) previously been arrested, cited, or detained; (3) been charged with or convicted of a crime; (4) received a suspended sentence, or been placed on parole or probation; (5) been incarcerated; and (6) lied to a government official to gain entry to the United States. Count Two charges Terrazas with making essentially the same false statements during a subsequent immigration interview.

The discovery provided by the government reflects that, contrary to Terrazas' denials, he appears to have had the following prior interactions with the criminal justice system:

- On August 7, 1976, Terrazas was arrested at the Mexico-Texas border for presenting counterfeit immigration documents, bearing the name Roberto Martinez-Rivera. On or about August 9, 1976, Terrazas was convicted in the Western District of Texas of improperly attempting to enter the

-2-

- country, in violation of 18 U.S.C. § 1325(a), *a Class B Misdemeanor*. He served half of a sentence of five months and 28 days;

- On March 12, 1985, Terrazas was arrested by New York City Transit Police, and on March 10, 1990, he was arrested again in New York. The two cases were combined, and resulted in a conviction on or about March 28, 1991, in Queens County Criminal Court, for second degree harassment, in violation of New York Penal Law 240.25, *a Violation*. The case was conditionally discharged; and

- Terrazas was arrested in Chicago on August 1, 1993 for sexual abuse/force, *a Class Z citation*. The case was "stricken on leave," which we understand to mean the case was dismissed for lack of evidence with leave to reinstate should additional evidence be discovered.[1]

Terrazas applied for naturalization on December 2, 2006, nearly 12 years after his last arrest. Terrazas' application was subsequently denied on the ground that he made a false statement in connection with the application. Notably, the underlying arrests and convictions appear not to have been the basis for the denial.

---

[1] *See People v. Woolsely*, 564 N.E.2d 764, 765 (Ill. 1990).

NY12533:222489.5

## ARGUMENT

<u>The Indictment Must Be Dismissed Because the Government Cannot As a Matter of Law Establish an Essential Element of the Offense Charged</u>

According to Rule 12(b)(2), "[a] party may raise by pre-trial motion *any defense* . . . that the court can determine without a trial." Fed. R. Crim. P. 12(b)(2) (emphasis added). The defense raised by Terrazas in this motion can be determined as a matter of law without a trial because no factual determinations are necessary to resolve the issue he presents. Indeed, the Court may decide the motion based purely on the language in the applicable statutes and regulations. *See, e.g., United States* v. *Lopez*, 445 F.3d 90, 100 (2d Cir. 2006) (reversing district court's denial of motion to dismiss indictment for illegal reentry because as a matter of law the prior deportation proceedings had not provided immigrant defendant "with a realistic opportunity for judicial review within the meaning of [the second prong of the applicable deportation statute]" and remanding for further review); *United States* v. *Hill*, 473 F.2d 759 (9th Cir. 1972) (granting motion to dismiss indictments charging the sending of obscene advertisements because the advertisements were not obscene as a matter of law); *United States* v. *Gotti*, 457 F. Supp. 2d 411, 425 (S.D.N.Y. 2006) (dismissing money laundering charge in indictment because a reasonable jury could not find defendant guilty of the charge where there was no evidence that defendant attempted to conceal the origins of his funds as required under the applicable statute); *United States* v. *Fermin-Rodriguez*, 5 F. Supp. 2d 157, 158 (S.D.N.Y. 1998) (granting motion to dismiss indictment because defendant's argument required construction of a statutory term rather than findings of fact).

In considering a pretrial motion to dismiss an indictment, the court must view the evidence in the light most favorable to the government, *United States* v. *Mills*, 995 F.2d 480, 489 (4th Cir. 1993), and accept as true the facts alleged in the indictment, *Boyce Motor Lines, Inc.* v. *United States*, 342 U.S. 337, 343 n.16 (1952). Even judged against this standard, however, the government cannot establish an essential element of Section 1015(a): namely, that the false statements Terrazas allegedly made in connection with his application for naturalization were material to a reasonable immigration officer reviewing his naturalization application.

A.   <u>Materiality Is an Element of Title 18 U.S.C. § 1015(a)</u>

Section 1015(a) provides, in relevant part: "Whoever knowingly makes a false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens," is guilty of a crime. Although Section 1015(a) does not expressly include a requirement that the false statement be material, numerous courts, including in this Circuit, have read a materiality element into the statute. *See Kungys* v. *U.S.*, 485 U.S. 759, 798 note 9 (1988) (concurring opinion) ("Courts have construed the statute [1015(a)] to contain a requirement that the false statement be material.") (citing *United States* v. *Laut,* 17 F.R.D. 31 (S.D.N.Y. 1955) and *United States v. Bressi,* 208 F. 369, (W.D. Wash. 1913)); *Laut,* 17 F.R.D. 31 at ("[C]ourts have without exception held that, though materiality is not specified, the false statements alleged must be material to the matter at bar.").

-5-

According to the Supreme Court, materiality should be read into statutes that criminalize the making of false statements under oath based on the common law antecedents of such statutes. *Kungys*, 485 U.S. at 769-70. At common law, making a false statement to a public official under oath was considered perjury. *Id.* It has been well-established for centuries that materiality is a necessary element of perjury. *Id.* "Where Congress uses terms that have accumulated settled meaning under either equity or the common law, a court may infer, unless that statute otherwise dictates, that Congress means to incorporate the established meaning of the terms." *Id.* at 770. Therefore, Section 1015(a), which criminalizes false statements *under oath*, contains an implied element that false statements made in connection with naturalization be material.

The Second Circuit has not yet decided whether materiality is an element of Section 1015(a). *See United States v. Rogers*, 104 F. 3d 355 (2d Cir. 1996) (unpublished table decision) ("assuming *arguendo* that 'materiality' is an element of the offenses charged"). However, the Ninth Circuit in *Bridges v. United States*, 199 F.2d 811 (9th Cir. 1952), *rev'd on other grounds*, 346 U.S. 209 (1953), concluded that materiality is an element of Section 1015(a). Bridges was charged with, *inter alia*, making false statements in connection with his naturalization application in violation of 18 U.S.C. § 1015(a). *Id.* at 817. The indictment against Bridges charged materiality as an element

of the crime, *id.* at 817 note 4, and the court agreed without discussion that materiality must be proved to support a Section 1015(a) conviction, *id.* at 829.[2]

Due to the accumulated settled meaning at common law of the terms "false statement" and "under oath," courts have correctly read materiality into Section 1015(a). Therefore, the government here must prove that the allegedly false statements made by Terrazas were material.

B.     The Test for Materiality in Naturalization Proceedings

In a naturalization proceeding, the test for materiality is whether the false statements "had a natural tendency to influence the decisions of the Immigration and Naturalization Service." *Kungys*, 485 U.S. at 773; *United States* v. *An Antique Gold Platter*, 184 F.3d 131, 135 (2d Cir. 1999) (adopting a natural tendency test for materiality under 18 U.S.C. § 545, which criminalizes false statements on customs forms). A statement has a natural tendency to influence a decision if a reasonable immigration official would consider the statement to be significant to the exercise of his or her authority. *See Antique Gold Platter*, 184 F.3d at 136. To determine whether a statement made in connection with a naturalization proceeding would have a natural tendency to

---

[2]    The Fourth Circuit has, however, reached the opposite conclusion. *See United States v. Abuagla*, 336 F.3d 277 (4th Cir. 2003) (rejecting argument that materiality is an element of Section 1015(a)). The Fourth Circuit's decision incorrectly relies on *United States v. Wells*, 519 U.S. 482, 490 (1997), a case interpreting 18 U.S.C. § 1014, which prohibits "knowingly mak[ing] any false statement" in a loan application to a federally insured bank. In *Wells*, the Supreme Court declined to read materiality into Section 1014 because simply making a "false statement" does not have any common law antecedent of materiality. *Id.* The Fourth Circuit erroneously analogized Section 1014 to Section 1015(a) because Section 1015(a), unlike Section 1014, criminalizes false statements *under oath*.

influence the decision of the official reviewing the application, it is necessary to look to the standards governing review of naturalization applications.

The applicable standards for naturalization are set forth in Title 8 U.S.C. § 1101(f).[3] The petitioner for naturalization has the burden of establishing that he has been a person of good moral character "during the statutory period," of five years immediately preceding the application for naturalization.[4]

Section 1101(f) bars applicants from establishing good moral character if "during the period for which good moral character is required to be established," the applicant: has been a habitual drunkard; engaged in prostitution or commercialized vice; smuggled aliens; was ordered removed; committed a crime involving moral turpitude or a

---

[3] Title 8 U.S.C. § 1427(a) requires that the applicant establish "continuous residence for 5 years immediately preceding application."

[4] In two limited circumstances, immigration officials may look beyond the five-year statutory period to determine whether the applicant can establish good moral character. Neither applies here. First, if an applicant has been "convicted of murder at any time or an aggravated felony after November 29, 1990," he is barred from establishing good moral character. 8 C.F.R. § 316.10(b)(1). None of Terrazas' convictions was for murder and none constitutes an aggravated felony under the immigrations laws. See 8 U.S.C. 1101(a)(43) (listing crimes that are considered aggravated felonies for immigration purposes).

Second, an immigration official may look beyond the five-year period if the applicant has conducted himself negatively during the statutory period. In such cases, where the petitioner has committed a crime or act that reflects negatively on his good moral character during the statutory period, the immigration official may look to see if any acts beyond the five-year period "reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character." 8 C.F.R. § 316.10(a)(2); see, e.g., Rico v. INS, 262 F. Supp. 2d 6 (E.D.N.Y. 2003) (inquiry into crimes that took place prior to the five-year statutory period was appropriate because applicant had a felony conviction for drunk driving within the five-year period); Asamoah v. INS, 2004 WL 736911 (S.D.N.Y. 2004) (finding that immigration officials did not err by considering events that took place prior to the five-year period because applicant was serving a term of probation during statutory period). Therefore, as a threshold matter, the petitioner must have exhibited some negative behavior during the statutory period in order for an immigration official to consider events that took place prior to the five-year statutory period. There is no evidence in the record that Terrazas conducted himself negatively during the five-year statutory period preceding his application.

controlled substance; was convicted of two or more crimes for which the aggregate sentence was more than five years; derived income principally from illegal gambling; has been convicted of two or more gambling offenses; has given false testimony to procure an immigration benefit; has been incarcerated for more than 180 days; has been convicted of an aggravated felony; or participated in genocide or religious persecution. With the exception of the alleged false statements made in connection with his naturalization application – which were not material – there is no contention that Terrazas engaged in any of this conduct.[5]

In the context of a denaturalization proceeding, the Supreme Court has considered a nearly identical issue as is at issue here: whether a false statement made in connection with naturalization was material. In *Chaunt* v. *United States*, 364 U.S. 350 (1960), the applicant had procured his naturalization by falsely denying three minor arrests, all of which occurred approximately 10 years prior to his naturalization petition. *Id*. at 351-52. As a result of his false statements, the government obtained an order denaturalizing Chaunt. On appeal, the Supreme Court reversed on the ground that "these arrests were made some years prior to the critical five-year period" for establishing good moral character. *Id*. at 353. Therefore, the government had not met its burden of

---

[5]  Terrazas' naturalization application was apparently denied because he failed to disclose his prior criminal history. However, at issue in this motion to dismiss the *criminal* charges brought against him, is *only* whether Terrazas' criminal history, *if disclosed*, would have been material to the immigration official's determination of his good moral character and eligibility for naturalization. In other words, in determining whether Terrazas' alleged false statements were sufficiently material to result in criminal liability, the Court must assess the merits of Terrazas' naturalization application as if no false statements had been made in the first place.

showing "that facts were suppressed which, if known, would have warranted denial of citizenship." *Id.* at 355.

Here, as in *Chaunt*, Mr. Terrazas is charged with making false statements in connection with his naturalization application about events that took place before the five-year probationary period directly preceding naturalization. Indeed, all the events that Terrazas allegedly failed to disclose took place well over *10 years* prior to his application for naturalization. As a result, had Terrazas disclosed his prior criminal history on his application and during his interview, these facts would have had no tendency to influence a reasonable immigration official deciding the application based on the rules and regulations governing naturalization applications. Therefore, Terrazas' criminal history was not material as a matter of law.

Accordingly, the government cannot establish the essential element of materiality, and the Section 1015(a) charge must be dismissed.

## CONCLUSION

For the foregoing reasons, the Indictment should be dismissed.

Dated:   New York, New York
         January 23, 2008

                                            Respectfully submitted,

                                            *Steven Peikin*
                                            Steven R. Peikin (SP 0246)
                                            Amy E. Howlett (AH 9112)
                                            125 Broad Street
                                            New York, New York 10004
                                            (212) 558-4000
                                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Memorandum of Law in Support of Defendant's Motion To Dismiss the Indictment dated January 23, 2008, to be served by hand on Adam Hickey, Assistant United States Attorney, The Silvio J. Mollo Building, One Saint Andrew's Plaza, New York, New York 10007 on this 24th day of January, 2008.

_____
Amy E. Howlett

-11-

NY12533:222489.5